CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 24 2013

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

|  |  |  |
|---|---|---|
| CHADRIQUEZ WILLIAMS, | ) | |
| | ) | **Criminal No. 4:09cr00039** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | <u>**MEMORANDUM OPINION**</u> |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **By: Samuel G. Wilson** |
| | ) | **United States District Judge** |
| Respondent. | ) | |

Chadriquez Williams, who is challenging his conviction and sentence pursuant to 28 U.S.C. § 2255, has filed a motion the court construes as a motion to recuse on the theory that the court imposed a vindictive sentence on remand. The court denies the motion.

## I.

A jury found Williams guilty of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and two counts of using a firearm during and in relation to drug trafficking offenses, in violation of 18 U.S.C. § 924(c). The successive § 924(c) convictions carried mandatory 10 to life and 25 to life sentences, respectively and resulted, according to the presentence report, in an overall guideline range of 438 months to 444 months. The court sentenced the defendant to 438 months consecutive, consisting of 18 months as to count one, 120 months as count two, and 300 months as to count three. On appeal, the United States agreed to a remand for resentencing based on Department of Justice policy concerning successive § 924(c)s, and the Court of Appeals remanded for that limited purpose.

On remand the United States moved to dismiss count three stating:

> The policy of the Department of Justice is that multiple violations of 18 U.S.C. § 924(c) may not be based upon a single predicate drug trafficking offense. Because of

this policy, and despite the finding of the jury, counsel for United States has been directed to dismiss this particular charged violation of 18 U.S.C. § 924(c )

As requested, the court dismissed count three, and a new presentence was prepared. According to the new presentence report, the corrected guideline range was 360 to life. The court sentenced Williams to 360 months, consisting of 18 months on count one and 342 months on count two, consecutive. In imposing sentence the court noted the serious nature of Williams' conduct:

> The defendant, and at least one other individual, in aiding and abetting one another, set out to track down and take the life of [another person], and used an AK-47, or something of similar caliber, to inflict grievous bodily injury on another human being. And I consider that to be the most serious aspect.

Williams appealed, and the Court of Appeals affirmed his conviction and sentence.

## II.

Although the court sentenced Williams to 78 fewer months after remand, Williams essentially argues that the court was vindictive by increasing his sentence under count two following his "successful appeal." The court denies his motion.

The imposition of a more severe sentence following retrial or resentencing is generally permissible so long as the increased sentence is not motivated by vindictiveness on the part of the sentencing judge. North Carolina v. Pearce, 395 U.S. 711 (1969). To assure that a sentence is not vindictive a more severe sentence should be justified on the record. Id. At 726.

Here Williams' argument falters at a number of levels. First, Williams was not successful on appeal, rather the United States changed positions and concluded that the Department of Justice had violated its own policy on successive § 924(c)s. Second, the court did not increase his sentence but rather reduced it from 438 months to 360 months. And, third, though it is true enough that the court imposed more time under count two, the court was simply adhering to the

2

conduct-based sentencing scheme implemented by 18 U.S.C. § 3553 and the advisory sentencing guidelines, which the probation officer recalculated in light of the dismissal of count three. Consequently, both the constitutional and statutory legitimacy of the court's sentence are plainly part of the record. See North Carolina v. Pearce, at 726. As the court underscored each time it sentenced Williams, Williams' efforts to kill another person and the infliction of grievous bodily injury animated its decision. The court was not vindictive; it simply carried out the conduct-based sentencing scheme of the code and guidelines.

### III.

For the reasons stated, the court denies Williams' motion to transfer this case to another judge.

**ENTER**: July 24, 2013.

_____
UNITED STATES DISTRICT JUDGE