**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-7914

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CHADRIQUEZ DEVON WILLIAMS,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Michael F. Urbanski, District Judge. (4:09-cr-00039-MFU-RSB-1; 4:13-cv-80576-SGW-RSB)

Submitted: March 17, 2016           Decided: March 22, 2016

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Remanded by unpublished per curiam opinion.

Chadriquez Devon Williams, Appellant Pro Se. Ronald Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia; Jean Barrett Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chadriquez Devon Williams seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of its prior order denying his 28 U.S.C. § 2255 (2012) motion. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order dismissing Williams' Rule 60(b) motion was entered on the docket on September 9, 2015. Thus, Williams had until November 9, 2015, to file a notice of appeal. Williams' notice of appeal was filed, at the earliest, on December 1, 2015,[1] 22 days beyond the appeal period. Although Williams' notice of appeal was filed beyond the expiration of

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is considered filed the moment it is delivered to prison authorities for mailing to the court).

2

Case 4:09-cr-00039-MFU-RSB   Document 187   Filed 03/22/16   Page 2 of 3   Pageid#: 1369

the appeal period, it was filed within the 30-day excusable neglect period and explicitly requested an extension of time to file an appeal. Thus, Williams' filing should have been construed as a motion for an extension of time to file an appeal under Rule 4(a)(5). Accordingly, we remand this case to the district court so it may docket Williams' motion for extension of time and determine whether Williams has demonstrated excusable neglect or good cause warranting an extension of the appeal period.[2] The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[2] By this disposition, we express no opinion as to whether an extension of time is warranted.