IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:09CR39 |
| | ) | |
| | ) | |
| CHADRIQUEZ WILLIAMS | ) | |

**MOTION TO WITHDRAW MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Counsel for Chadriquez Williams, the defendant, respectfully moves this Honorable

Court to consider withdrawn the previously-filed motion to reduce his sentence pursuant to

18 U.S.C. § 3582(c)(1)(A)(i).

In support of this motion, counsel states:

Withdrawal of the previously-filed motion is appropriate because the original

motion, and Mr. Williams' original request to the Bureau of Prisons for compassionate

release, did not include important claims that are directly relevant to the 18 U.S.C. § 3553

factors, including a traumatic brain injury occurring to Mr. Williams' daughter in January

2022. Additionally, since his initial filing, Mr. Williams has been moved from FCI

Williamsburg to FCI Manchester, which has a different Warden than the one who signed

his earlier denial of compassionate release.

Third, dismissal of the original motion is appropriate so that Mr. Williams can add

to his request of the Warden of his new facility two of the claims which he has discussed

with counsel and seeks to have this Court consider, namely that the career offender guideline has been disproportionately used to impose unreasonable sentences upon African-American defendants, and also that Mr. Williams' career offender predicate convictions were improperly used to enhance his sentence as they solely involved the distribution of marijuana, and marijuana law enforcement has been historically targeted toward African-Americans to a level that implicates equal protection considerations.[1]

Finally, withdrawal is appropriate because the government argued in its opposition to Mr. Williams' initial filing, relying on inapposite authority from other, non-analogous legal contexts, that Mr. Williams cannot add any grounds to his original claim for relief after the government's response is filed. Rather than asking the Court to expend its resources resolving the issue, Mr. Williams simply seeks to withdraw the previously-filed motion, given that there is no bar to a successive compassionate release motion raising new grounds.

## CONCLUSION

For the foregoing reasons, Mr. Williams asks the Court to consider the previously-filed motion for compassionate release withdrawn.

Respectfully Submitted,

JUVAL O. SCOTT
Federal Public Defender
 for the Western District of Virginia

---

[1] *See, e.g., A Tale of Two Countries: Racially Targeted Arrests in the Era of Marijuana Reform*, ACLU Report (2020) at 5.

2

CHRISTINE MADELEINE LEE
Virginia Bar No. 73565
Office of the Federal Public Defender
  for the Western District of Virginia
210 First Street SW, Suite 400
Roanoke, VA 24011
(540) 777-0880


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was electronically filed

and will be forwarded to the Office of the United States Attorney this 22nd day of June,

2022.


Christine Madeleine Lee

3