IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 16, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ T. Costa
DEPUTY CLERK

UNITED STATES OF AMERICA   )
   )   Criminal No. 4:09-cr-00039
v.   )
   )   By:   Michael F. Urbanski
CHADRIQUEZ DEVON WILLIAMS,   )   Senior United States District Judge
   Defendant-Petitioner   )

## MEMORANDUM OPINION

This matter comes before the court on defendant Chadriquez Devon Williams' pro se motion for reconsideration of this court's denial of his previous motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release. Mot., ECF No. 326. For the reasons stated herein, the court will **DENY** Williams' motion.

The Fourth Circuit has directed district courts to treat motions for reconsideration of the denial of a motion for compassionate release "as a new motion for compassionate release, rather than applying the more exacting standards that govern Rule 59(e) motions." United States v. Hedspeth, No. 22-6943, 2023 WL 7124547 (4th Cir. 2023) (per curiam). The court will do so here, noting that treating Williams' motion for reconsideration as a new motion for compassionate release makes this Williams' third motion seeking a sentence reduction. His first two motions were denied by this court on November 28, 2022, and May 2, 2025, respectively. ECF Nos. 278, 279, 322, 323. The court did not order the government to respond to Williams' current motion because it is clear that he is not entitled to a sentence reduction.

## I. Background[1]

On August 4, 2010, a jury convicted Williams on three counts: (1) possessing with the intent to distribute a measurable quantity of a mixture or substance containing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count One); (2) using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime which may be prosecuted in a court of the United States, as set forth in Count One, and did discharge the firearm, in violation of 18 U.S.C. § 924(c) (Count Two); and (3) at a time and place different from that set out in Count Two of the indictment, using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime which may be prosecuted in a court of the United States, as set forth in Count One, and did discharge the firearm, in violation of 18 U.S.C. § 924(c) (Count Three). Indictment, ECF No. 3; Verdict, ECF No. 64.

On October 22, 2010, Williams was sentenced to 18 months on Count One, 120 months on Count Two, and 300 months on Count Three, all to run consecutively, for a total of 438 months. J., ECF No. 75. Williams appealed, United States v. Williams, No. 10-5131 (4th Cir. filed Nov. 2, 2010), and on June 10, 2011, the government moved to remand the case, arguing that although the jury found that Williams had on two separate occasions possessed a firearm in relation to a single drug-trafficking predicate, the policy of the Justice Department was that multiple violations of 18 U.S.C. § 924(c) should not be based upon a single predicate drug-trafficking offense. Id. at Doc. 42. On July 1, 2011, the Fourth Circuit

---

[1] The facts underlying Williams' conviction were described in this court's previous memorandum opinions, ECF Nos. 278, 322, and will not be repeated here except as necessary to address his pending motion.

Court of Appeals vacated Williams' sentence and remanded his case for resentencing. Id. at Doc. 47; ECF No. 95 in this case.

On remand, the government moved to dismiss Count Three of the indictment and the district court granted the motion. ECF Nos. 103, 104, 105. That left Count One, where Williams faced a statutory maximum prison term of 10 years, and Count Two, where he faced a term of 10 years to life. For purposes of the guidelines, Williams was classified as a career offender under USSG §§ 4B1.1(a) and 4B1.1(c)(2)(A). The prior felony convictions that qualified him as a career offender were his state offense of distribution of marijuana (5 counts) in March 2005, for which he served nine months in jail, and his state offense of selling marijuana (2 counts) in October 2005, for which he served 10 days in jail. PSR, ECF No. 111 ¶¶ 23, 26, 27.

The career offender designation increased his criminal history category from III to VI. See USSG §4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.") His total offense level of 8, when combined with his criminal history category of VI, resulted in a sentencing range of 18–24 months on Count One. USSG Ch. 5 Pt. A. On Count Two, with the career offender designation increasing his criminal history category to VI, his guidelines range was 360 months to life. USSG §§ 2K2.4(c) and 4B1.1(c)(3); PSR, ECF No. 111 ¶¶ 14, 48.

Without the career offender designation on Count One, Williams' offense level of 8 combined with his criminal history category of III would have given him a guidelines range of 6–12 months. USSG Ch. 5 Pt. A. Without the career offender designation on Count Two, his guidelines range would have been the minimum term of imprisonment required by the statute,

or 120 months. USSG § 2K2.4(b). On October 18, 2011, the court resentenced Williams to 18 months on Count One and 342 months on Count Two, for a total of 360 months. Am. J., ECF No. 108.

Williams appealed the sentence, and the Fourth Circuit affirmed in an unpublished per curiam opinion. Doc: 74 in United States v. Williams, No. 10-5131 (4th Cir. ord. entered May 31, 2012); ECF Nos. 119, 120 in this case. Williams sought post-conviction relief via several motions filed pursuant to 28 U.S.C. § 2255, all of which were denied. Williams is incarcerated at Federal Correctional Institution Petersburg Low and has a projected release date of September 28, 2035.[2]

## II. Analysis

### A. Unusually Long Sentence

Williams argues that under USSG §§ 1B1.13(b)(6) and (c), he was entitled to a sentence reduction based on a change in the law.[3] That section of the guidelines policy statement addresses when an "unusually long sentence" can be a reason for a court to grant a sentence reduction under § 3582(c)(1)(A). A defendant is eligible for a sentence reduction if he can show the following:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between

---

[2] https://www.bop.gov/inmateloc/ (last viewed Apr. 14, 2026).

[3] Although Williams purported to base his previous motion on a change in the sentencing guidelines, he never identified the change. See ECF No. 286-1 at 13. Nevertheless, the court addressed his argument regarding the sentencing guidelines on the merits in its previous memorandum opinion and will do so again here. The other arguments he raises below arguably are based on a change in the law but nevertheless are without merit.

4

the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

(c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG §§ 1B1.13(b)(6) and (c). Williams has served at least 10 years of his sentence and therefore meets the first criteria for a sentence reduction.

Williams was sentenced as a career offender under USSG §4B1.1. That provision of the guidelines provides that a defendant is a career offender if (1) the defendant was at least eighteen years old at the time he committed the instant offense, (2) the instant offense is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG §4B1.1(a). "Controlled Substance Offense" is defined in relevant part as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense[.]" USSG § 4B1.2(b) (emphasis added). The predicate offenses underlying Williams' classification as a career offender were his previous state court convictions for distribution of marijuana. PSR, ECF No. 111 ¶¶ 23, 26, 27.

5

Williams argues that he should not be considered a career offender because he did not serve more than one year on any of his marijuana convictions. ECF No. 286-1 at 13. However, rather than looking at the definition for "controlled substance offense," he cites the definition for "serious drug felony" found at 21 U.S.C. § 802(58). As the court previously noted, see Mem. Op., ECF No. 322 at 9 n.5, Williams may be confusing the requirements for an offense to qualify as a predicate offense for the purposes of a career offender sentence increase under the guidelines, which requires that an offense be punishable by a term of one year, with the requirement for an increased sentence under 21 U.S.C. §§ 841(b)(1)(A) and (B). In order to be subject to the statutory increase, his predicate conviction must have been for a "serious drug felony," which is defined in relevant part as an offense under state law involving possessing with intent to distribute a controlled substance with a maximum term of imprisonment of ten years or more and for which the defendant served a term of imprisonment of more than 12 months. 21 U.S.C. § 802(58) (citing 18 U.S.C. § 924(e)(2)) (emphasis added).[4] Williams was not charged or convicted under 21 U.S.C. §§ 841(b)(1)(A) or (B) and the definition of "serious drug felony" is not relevant to his designation as a career offender under the sentencing

_____

[4] Prior to passage of the First Step Act of 2018, § 841(b)(1)(A) and (B) (2010) provided that if a person violated those subsections of the statute "after a prior conviction for a felony drug offense has become final," they were subject to an increased sentence. The First Step Act amended the statute to provide that if a person violated the statute "after a prior conviction for a serious drug felony or serious violent felony has become final," he was subject to an increased sentence." 21 U.S.C. § 841(b)(1)(A)-(B) (2018). Thus, after 2018, the underlying crime must now be a "serious drug felony," rather than a "felony drug offense" to trigger the increased statutory sentence. The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct related to narcotic drugs . . . ." 21 U.S.C. § 802(44). The term "serious drug felony" is defined as an offense described in 18 U.S.C. § 924(e)(2) for which the offender served a term of imprisonment of more than 12 months. 21 U.S.C. § 802(57). Therefore, today, in order for a sentence to be increased under § 841(b)(1)(A) or (B), a person must have a prior conviction for a "serious drug felony" rather than a "felony drug offense," meaning he must have served more than 12 months on the offense.

guidelines. Therefore, it is immaterial that he did not serve a term of 12 months or longer on his predicate offenses.[5]

The PSR indicates that Williams' distribution of marijuana conviction, for which he served 9 months, was based on five sales of marijuana to an undercover officer. The sales involved 7.44 ounces, 7.34 ounces, 7.3 ounces, 7.17 ounces, and 5.79 pounds, for a total of 7.62 pounds. PSR, ECF No. 111 ¶ 27. Williams' second conviction in 2005, for which he served 10 days in jail, involved two counts of the sale of marijuana, with the first count involving 53.9 grams, or 1.90 ounces of marijuana, and the second count involving 54.5 grams or 1.92 ounces of marijuana. Id. ¶ 26. Distribution of more than one ounce, but not more than five pounds of marijuana is a Class 5 felony punishable by a term of not less than one year or more than ten years and distribution of more than five pounds of marijuana is punishable by imprisonment of not less than five years or more than forty years. Va. Code §§ 18.2-248.1(2) and (3); 18.2-10.[6] Consequently, Williams' underlying marijuana convictions were punishable by terms of imprisonment exceeding one year and accordingly qualify as predicate offenses for purposes of the career offender enhancement.

---

[5] To be sure, the government did seek increased punishment under 21 U.S.C. § 841(b)(1)(D) on Williams' Count One marijuana conviction based on his previous convictions. See ECF No. 50. However, in order to be subject to an increased penalty under subsection (D) of the statute, both at the time Williams was convicted and today, a person must have a prior conviction for a "felony drug offense." As set forth at n. 4, infra, the term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Thus, because of his previous convictions, Williams was subject to a 10-year maximum statutory sentence rather than a 5-year maximum sentence on Count One. See PSR, ECF No. 111 ¶ 47.

[6] At the time Williams committed his offense, a half ounce of marijuana was sufficient to trigger the penalties listed in Va. Code. § 18.2-248.1 (2006). The minimum amount of marijuana to trigger the penalties was increased to 1 ounce in 2020.

Williams would continue to be subject to the career offender designation today and therefore, cannot show a gross disparity between the sentence he received in 2010 and the sentence he likely would receive today. Accordingly, Williams is not entitled to a sentence reduction based on the fact that he did not serve more than a year on his underlying drug distribution offenses.

### B. Other Grounds for Relief

Williams next argues that the Virginia statute under which he was convicted for drug distribution, Va. Code § 18.2-248, is not a valid predicate for purposes of the USSG § 4B1.1 career offender enhancement. However, this argument is foreclosed by United States v. Nelson, 151 F.4th 577, 582 (4th Cir. 2025), petition for cert. docketed, Nelson v. United States No. 25-6622, where the court held that a prior Virginia drug distribution conviction under Virginia Code section 18.2-248 is a valid predicate for the career offender enhancement under USSG § 4B1.2(b). See also United States v. Childress, No. 23-4476, 2025 WL 25850 (4th Cir. 2025) (per curiam) (quoting United States v. Ward, 972 F.3d 364, 374 (4th Cir. 2020)) (holding that convictions under Va. Code § 18.2-248 "'categorically qualify under the ordinary meaning of 'controlled substance offense' in § 4B1.2(b).'") and United States v. Guerrant, 849 F. App'x 410, 412 (4th Cir. 2021) (per curiam) (finding defendant's Virginia conviction for possession of marijuana with intent to distribute in violation of Va. Code. Ann. § 18.2-248.1 was a controlled substance offense as defined by USSG §§ 4B1.1 and 4B1.2).

Williams next argues that he was entitled to have the jury rather than the court determine whether his predicate drug offenses occurred on different occasions to satisfy USSG § 4B1.1. In Erlinger v. United States, 602 U.S. 821 (2024), the Supreme Court addressed

8

whether a defendant facing an increased statutory penalty range under the Armed Career Criminal Act (ACCA) because he had three previous felony convictions for a serious drug offense or violent felony was entitled to have a jury, rather than the court, find unanimously and beyond a reasonable doubt that the past offenses were committed on separate occasions. Id. at 825. The Court held that because the ACCA increases the statutory maximum sentence for violations of 18 U.S.C. § 922(g), that a unanimous jury must make the finding beyond a reasonable doubt that the past offenses occurred on different occasions. Id. at 834–35.

Williams argues that after Erlinger, he is entitled to have a jury determine whether the predicate offenses that support the career offender enhancement under the guidelines occurred on different occasions. The Fourth Circuit rejected this argument in United States v. Latour, No. 25-6143, 2025 WL 1692745, at *1 (4th Cir. 2025) (per curiam) (unpublished):

> [T]he Supreme Court's ruling in Erlinger v. United States, 602 U.S. 821 (2024), did not afford Latour a basis for relief. Latour was sentenced as a career offender—not an armed career criminal—and Erlinger does not undermine a sentencing court's authority to make factual determinations relevant to the Sentencing Guidelines because they do not increase a defendant's statutory range of punishment.

The same is true in Williams's case. Erlinger offers him no basis for relief because the career offender designation did not increase his statutory range of punishment.

Finally, Williams asserts that the court failed to consider Concepcion v. United States, 597 U.S. 481 (2022), in its previous opinion. However, Williams does not explain in what manner consideration of Concepcion would have affected the outcome of his previous motion or how the court should consider it in the context of his current motion. Without doing so, he has presented no basis for the court to find that he is entitled to a sentence reduction.

9

Williams has not described any basis from which the court could conclude that extraordinary and compelling circumstances warrant compassionate release. 18 U.S.C. § 3582(c)(1)(A). Accordingly, his request for a sentence reduction is **DENIED**.

### C. 18 U.S.C. § 3553(a) Factors

Because the court has determined that Williams has not shown an extraordinary and compelling reason for a sentence reduction, it need not assess the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")

### III. Conclusion

For the above-stated reasons, the court **DENIES** Williams' motion for reconsideration of the court's previous denial of a sentence reduction, ECF No. 326. An appropriate order will be entered.

It is so **ORDERED**.

Entered: *April 10, 2026*

Michael F. Urbanski
Senior United States District Judge

10